# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 15, 2016

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

152409
152442

PEOPLE OF THE STATE OF MICHIGAN,
　　　　Plaintiff-Appellee,

v

　　　　　　　　　　　　　　　　　　　　　SC: 152409
　　　　　　　　　　　　　　　　　　　　　COA: 320867
　　　　　　　　　　　　　　　　　　　　　Roscommon CC: 12-006736-FC

WILLIAM FRANK SIKORSKI, JR.,
　　　　Defendant-Appellant.
_____/

PEOPLE OF THE STATE OF MICHIGAN,
　　　　Plaintiff-Appellant,

v

　　　　　　　　　　　　　　　　　　　　　SC: 152442
　　　　　　　　　　　　　　　　　　　　　COA: 320867
　　　　　　　　　　　　　　　　　　　　　Roscommon CC: 12-006736-FC

WILLIAM FRANK SIKORSKI, JR.,
　　　　Defendant-Appellee.
_____/

　　　　On order of the Court, the applications for leave to appeal the June 4, 2015 judgment of the Court of Appeals are considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals judgment concluding that the defendant's conviction for first-degree criminal sexual conduct under MCL 750.520b(1)(d)(*ii*) violates the double jeopardy protections of the United States and Michigan Constitutions and we REMAND this case to the Court of Appeals for reconsideration of whether this conviction was based on the same act of penetration as the defendant's conviction under MCL 750.520b(1)(c), given the manner in which the jury was instructed as to each count after the close of proofs. If, upon reconsideration, the Court of Appeals concludes that no double jeopardy violation occurred, it shall reach and resolve the defendant's challenge to whether the evidence was sufficient to sustain his conviction under MCL 750.520b(1)(d)(*ii*).

We also VACATE that part of the Court of Appeals judgment denying the defendant sentencing relief on the basis of *People v Herron*, 303 Mich App 392 (2013), and we REMAND this case to the Court of Appeals for reconsideration in light of *People v Lockridge*, 498 Mich 358 (2015).

In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 15, 2016



d0412

Clerk